Sheehan & Associates, P.C.
Spencer Sheehan
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
Telephone: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*

United States District Court
Southern District of New York                                         1:19-cv-02402

| | |
|---|---|
| Gilberto Cruz, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| - against - | Class Action Complaint |
| D F Stauffer Biscuit Co Inc, | |
| Defendant | |

Plaintiff by attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. D F Stauffer Biscuit Co Inc ("defendant") manufactures, distributes, markets, labels and sells flat, brittle drop cookies, purporting to get their lemon taste only from lemons, under the Stauffer's brand ("Product").

2. The Product is available to consumers from retail and online stores of third-parties and is sold in sizes including bags of 14 OZ.

3. The Product's relevant front label representations include "Stauffer's," "Lemon Snaps," "Quality Since 1871," a picture of the Product and freshly picked lemons.

1



4. The label makes direct representations that the Product's primary recognizable flavor is from lemons, through the name, "Lemon Snaps" and the lemon images, such that lemon is reasonably understood by consumers to be its characterizing flavor. *See* 21 C.F.R. § 101.22(i).

5. Where a product designates its characterizing flavor as "Lemon" without any qualifying terms – flavored, with other natural flavors, artificially flavored – consumers get the impression that its lemon taste is contributed only by the characterizing food ingredient of lemons, in the form of an exclusively lemon ingredient, i.e., lemon oil and/or lemon extract. *See* 21 C.F.R. § 101.22(i)(1) (describing a food which contains no simulating artificial flavor and not subject to 21 C.F.R. § 101.22(i)(1)(i)-(iii)).

6. Foods labeled "strawberry shortcake," "lemon snaps" or "apple pie" are expected by consumers to contain an amount of the characterizing ingredients – strawberries, lemon or apples – sufficient to independently characterize the food. *See* 21 C.F.R. § 101.22(i)(1) ("If the food contains no artificial flavor which simulates, resembles or reinforces the characterizing flavor, the

2

name of the food on the principal display panel or panels of the label shall be accompanied by the common or usual name of the characterizing flavor, e.g., 'vanilla', in letters not less than one-half the height of the letters used in the name of the food, except that…").

7. By not including any qualifying terms preceding, following or in proximity to "Lemon," consumers will expect the Product contains sufficient lemon oil and/or lemon extract from lemons to flavor the Product and no other flavors from non-lemons or artificial sources, simulate, resemble, reinforce, enhance or extend the flavoring from lemons.

8. The Product's front label is misleading to consumers because the ingredient list reveals "Natural and Artificial Flavor" are used to provide flavoring.



INGREDIENTS: ENRICHED FLOUR (WHEAT FLOUR, NIACIN, REDUCED IRON, THIAMINE MONONITRATE [VITAMIN B1], RIBOFLAVIN [VITAMIN B2], FOLIC ACID), SUGAR, PALM OIL, HIGH FRUCTOSE CORN SYRUP, BAKING SODA (FOR LEAVENING), NATURAL AND ARTIFICIAL FLAVOR, SALT, SOY LECITHIN (AN EMULSIFER), CITRIC ACID, FD&C YELLOW #5.

9. The designation of "natural and artificial flavor" means the flavor is not derived exclusively from lemon oil and/or lemon extract but from non-lemon sources

10. Because lemon oil and/or lemon extract are not separately identified ingredients, it means that if they are present, it is as a component of the "natural flavor" ingredient which contains

flavor from non-lemon sources to enhance any actual lemon flavor.

11. "Artificial flavor" is any substance whose function is to impart flavor that is not derived from a natural source. See 21 C.F.R. 101.22(a)(1).

12. The artificial flavor in the Product is used to enhance, simulate, extend and resemble the characterizing lemon flavor.

13. Whether or not a food's flavor is derived from a characterizing food ingredient or a highly synthesized and concentrated solution, designed in a laboratory, is material to consumers who expect a label to give them what it says – lemon flavor only from lemons.

14. The presence of artificial flavor that enhances and simulates lemon flavor is material because the absence of any front label statement indicating same tells consumers the Product does not contain such artificial flavor.

15. Consumers seek to avoid artificial flavors for reasons including nutrition, health and/or the avoidance of chemicals and highly processed ingredients..

16. Consumers cannot discern from the ingredient list that (1) the natural flavor listed on the ingredient list does not refer to an exclusively lemon ingredient nor (2) that the artificial flavor enhances the Product's lemon taste.

17. In any event, a reasonable consumer would not expect the Product to contain any artificial or non-lemon flavors due to the omission of any statement indicating this fact.

18. To discover that the product is not naturally flavored, and is in fact artificially flavored, the consumer would have to read the ingredient list.

19. The Product also contains yellow food coloring as listed on the ingredient list, which misleads consumers to think it contains more real lemon flavoring than it actually does by adjusting the color of the Product to a shade closer to that of real lemons.

20. Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for it.

21. The Product contains other representations which are misleading and deceptive.

22. As a result of the false and misleading labeling, the Product is sold at a premium price, approximately no less than $2.49 per 14 OZ, excluding tax, compared to other similar products represented in a non-misleading way.

## Jurisdiction and Venue

23. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").

24. Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

25. Plaintiff Gilberto Cruz is a citizen of New York.

26. Defendant is a Pennsylvania corporation with a principal place of business in York, York County, Pennsylvania and is a citizen of Pennsylvania.

27. Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and State.

28. This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

29. A substantial part of events and omissions giving rise to the claims occurred in this District.

## Parties

30. Plaintiff Gilberto Cruz is a citizen of Bronx, Bronx County, New York.

31. Defendant D F Stauffer Biscuit Co Inc is a Pennsylvania corporation with a principal place of business in York, Pennsylvania, York County.

32. During the relevant statutes of limitations, plaintiff purchased the Product within his district and/or State for personal consumption and/or use in reliance on the representations the Product's lemon taste was only from real lemons.

## Class Allegations

33. The classes will consist of all purchasers of the Product in New York and the other forty-nine (49) states during the applicable statutes of limitations.

34. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

35. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

36. Plaintiff is an adequate representatives because his interests do not conflict with other members.

37. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

38. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

39. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

40. Plaintiff seeks class-wide injunctive relief because the practices continue.

## New York General Business Law ("GBL") §§ 349 & 350
### (Consumer Protection Statute)

41. Plaintiff incorporates by reference all preceding paragraphs.

42. Plaintiff and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product type.

43. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

44. Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Product.

45. Defendant's conduct was misleading, deceptive, unlawful, fraudulent, and unfair because it gives the impression to consumers the Product contains sufficient amounts of lemon ingredients, i.e., lemon oil or lemon extract, to independently characterize the taste or flavor of the Product, did not contain other non-lemon flavor components which simulate, resemble or reinforce the characterizing lemon flavor and only contained flavor from real lemons.

46. Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

47. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

### Negligent Misrepresentation

48. Plaintiff incorporates by reference all preceding paragraphs.

49. Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Products.

50. Defendant's conduct was misleading, deceptive, unlawful, fraudulent, and unfair because it gives the impression to consumers the Product contains sufficient amounts of lemon ingredients, i.e., lemon oil or lemon extract, to independently characterize the taste or flavor of the

Product, did not contain other non-lemon flavor components which simulate, resemble or reinforce the characterizing lemon flavor and only contained flavor from real lemons.

51. Defendant had a duty to disclose and/or provide non-deceptive marketing of the Product and knew or should have known same were false or misleading.

52. This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product or service type.

53. The representations took advantage of consumers' (1) cognitive shortcuts made at the point-of-sale and (2) trust placed in defendant, a well-known and respected brand in this sector.

54. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

55. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

Breaches of Express Warranty, Implied Warranty of Merchantability and<br>Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.

56. Plaintiff incorporates by reference all preceding paragraphs.

57. The Products were manufactured, labeled and sold by defendant and warranted to Plaintiff and class members that they possessed substantive, functional, nutritional, qualitative, compositional, organoleptic, sensory, physical and other attributes which they did not.

58. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Products.

59. This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

60. Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

61. Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years.

62. The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable.

63. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

### Fraud

64. Plaintiff incorporates by reference all preceding paragraphs.

65. Defendant's conduct was misleading, deceptive, unlawful, fraudulent, and unfair because it gives the impression to consumers the Product contains sufficient amounts of lemon ingredients, i.e., lemon oil or lemon extract, to independently characterize the taste or flavor of the Product, did not contain other non-lemon flavor components which simulate, resemble or reinforce the characterizing lemon flavor and only contained flavor from real lemons.

66. Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front label, when it knew its statements were not true nor accurate.

67. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

### Unjust Enrichment

68. Plaintiff incorporates by reference all preceding paragraphs.

69. Defendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of plaintiff and class members,

who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, restitution and disgorgement for members of the State Subclasses pursuant to the applicable laws of their States;

4. Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated: March 19, 2020

                                                          Respectfully submitted,

                                                          Sheehan & Associates, P.C.
                                                          /s/Spencer Sheehan
                                                          Spencer Sheehan
                                                          505 Northern Blvd Ste 311
                                                          Great Neck NY 11021-5101
                                                          Tel: (516) 303-0552
                                                          Fax: (516) 234-7800
                                                          *spencer@spencersheehan.com*
                                                          E.D.N.Y. # SS-8533
                                                          S.D.N.Y. # SS-2056

1:19-cv-02402
United States District Court
Southern District of New York

Gilberto Cruz, individually and on behalf of all others similarly situated,

                              Plaintiff,

   - against -

D F Stauffer Biscuit Co Inc,

                              Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
505 Northern Blvd Ste 311
 Great Neck NY 11021-5101
    Tel: (516) 303-0552
    Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: March 19, 2020

                                                                /s/ Spencer Sheehan
                                                                Spencer Sheehan