# Buchanan Ingersoll & Rooney PC

409 N. Second Street
Suite 500
Harrisburg, PA 17101-1357

650 5th Avenue
9th Floor
New York, NY 10019-6102

www.buchananingersoll.com

**Thomas G. Collins**
717 237 4843
thomas.collins@bipc.com

**Maureen M. Stampp**
212 440 4416
maureen.stampp@bipc.com

August 10, 2020

**VIA ECF**

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

> Re:  *Gilberto Cruz v. D.F. Stauffer Biscuit Co., Inc.*
> **Case No. 1:20-cv-02402-PGG-JLC**

Dear Judge Gardephe:

This firm represents Defendant, D.F. Stauffer Biscuit Co., Inc. ("Stauffer"), in the above-referenced matter.  We write in accordance with your Individual Rules of Practice to request a pre-motion conference to discuss Stauffer's bases for dismissing the "Class Action Complaint" filed by Gilberto Cruz ("Cruz" or "Plaintiff") on behalf of himself and individuals in all fifty states [ECF 1].  Stauffer respectfully requests that the Court (1) grant Stauffer's request for a pre-motion conference, and (2) deem Stauffer to have served a pleading as of today, August 10, 2020.

As background, Stauffer is a snack food manufacturer widely recognized for its original animal crackers, snack crackers, and cookies.  Stauffer is incorporated in Pennsylvania and maintains its corporate headquarters and principal place of business in York, Pennsylvania.  The crux of Plaintiff's Class Action Complaint is that the packaging for Stauffer's Lemon Snaps—which are crunchy, lemon-flavored cookies—gives consumers the false impression that the cookies derive their flavor from only lemons.  Even though Plaintiff admits that the ingredients list on the back of the package contains the disclosure "NATURAL AND ARTIFICIAL FLAVOR," he maintains that the packaging deceives consumers into believing that the lemon flavor is derived *exclusively* from lemon oil or extract.  Compl. ¶¶ 8, 17.  As outlined below, Stauffer seeks dismissal in accordance with Federal Rules of Civil Procedure 12(b)(1) and (6).

***Plaintiff cannot enforce federal law.***  As an initial matter, Plaintiff improperly asserts a claim under the Food, Drug, and Cosmetics Act, 21 U.S.C. § 301 *et seq.* ("FDCA"), alleging that the front of the cookies' packaging is deceptive, relying on his interpretation of regulations promulgated.  Plaintiff cites to these regulations at length throughout the Class Action

The Honorable Paul G. Gardephe
August 10, 2020
Page -2-

Complaint. *See, e.g.*, Compl. ¶¶ 4-6 (in each paragraph citing to 21 C.F.R. § 101.22(i)). But Plaintiff cannot enforce a perceived violation of the FDCA—"no such private right of action exists," a fact of which Plaintiff's counsel is well aware. *See PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997). To be sure, just last month, Judge Louis Stanton granted a motion to dismiss in another food-label case brought by Plaintiff's counsel, and made clear that *a packaging's purported lack of conformity to the federal standard is of no consequence*:

> The food . . . business is closely regulated, in ways described for many pages in the complaint. The primary federal Food Drug and Cosmetic Act deals generally with food, not with flavoring, 21 U.S.C. § 343(g), and its enforcement is left to the federal and State (if the food is located within the State) authorities. There is no private civil right of action for breaches of its provisions. *See* 21 U.S.C. § 337.
>
> Thus, in this private civil action, the extensive discussion and argument in the motion papers with respect to particular federal standards for . . . flavor descriptions is without consequence . . ..
>
> The point here is not conformity with this or that standard (which is left to the authorities to regulate) but whether the marketing presentation was deceptive.

*Steele v. Wegmans Food Mkts.*, 2020 WL 3975461 2020 U.S. Dist. LEXIS 123637, at *3-4 (S.D.N.Y. July 14, 2020). In sum, the FDCA is irrelevant to Plaintiff's claims.

    ***Plaintiff lacks standing to assert non-New York state law claims.*** Plaintiff's Class Action Complaint also suffers a fatal flaw relative to standing. First, while Plaintiff purports to bring a class action on behalf of himself and "all purchasers of the Product in New York and the other forty-nine (49) states during the applicable statute of limitations" (Compl ¶ 33), Plaintiff is a New York citizen. As such, he lacks standing to sue on behalf of consumers who bought the product in the other forty-nine (49) states, and whose purchases would, accordingly, be governed by the laws of those other states. *See In re Global Crossing Securities Litigation*, 313 F. Supp. 2d 189, 205 (S.D.N.Y. 2003) ("Lead Plaintiffs have a responsibility to identify and include named plaintiffs who have standing to represent the various potential subclasses of plaintiff who may be determined . . . to have distinct interests or claims."). Additionally, Stauffer is not a citizen of New York, which means it is not "at home" in New York for purposes of personal jurisdiction and, thus, cannot be held to respond to claims regarding purchases made outside New York by citizens of other states. *See Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492 (2d Cir. 2020) (affirming district court's dismissal of claims of four of the five plaintiffs-appellants on the grounds that (1) defendant-appellee was not subject to general (personal) jurisdiction in New York and (2) the four plaintiffs-appellants' claims stemmed from conduct that occurred outside of New York).

The Honorable Paul G. Gardephe
August 10, 2020
Page -3-

***Plaintiff has failed to plead with particularity as required under Rule 9(b).***  Casting aside Plaintiff's allegations regarding the FDCA, and Plaintiff's inability to assert claims on behalf of others who are outside of New York, the Class Action Complaint is left with only conclusory allegations that the front label is deceptive because the amount of lemon flavoring is different than what might be expected.  *See* Compl. ¶ 45 ("Defendant's conduct was misleading, deceptive, unlawful, fraudulent, and unfair because it gives the impression to consumer that the Product contains sufficient amounts of lemon ingredients . . .").  Claims of fraud, however, must be pled with particularity.  *See* Fed. R. Civ. P. 9(b).  Thus, "a plaintiff must: (1) specify the alleged fraudulent statement; (2) identify the speaker; (3) state where, when and to whom the statement was made; and (4) explain why the statement was fraudulent."  *Izquierdo v. Mondelez Int'l, Inc.*, 2016 WL 6459832, 2016 U.S. Dist. LEXIS 149795, at *23 (S.D.N.Y. Oct. 26, 2016) (citation omitted).

Here, the "who, what, when, where and how" required under the heightened pleading standard is of utmost importance because the packaging Plaintiff relies on to support his claims is actually ***not*** the most up-to-date package—it was significantly changed, and in a way highly relevant to this litigation, ***before*** Plaintiff initiated this lawsuit.  *See* https://www.stauffers.com/lemon-snaps.html.[1]

Moreover and significantly, beyond identifying Stauffer's disclosures on the ingredients label, which indicates that the cookies contain "natural and artificial flavor," Plaintiff does not appear to actually know how the cookies derive their lemon flavor.[2]  This is in stark contrast to the same counsel's complaints regarding vanilla flavoring, where food samples had been submitted to a research laboratory for a flavor analysis.  *See Steele v. Wegmans Food Mkts.*, 2020 WL 3975461, 2020 U.S. Dist. LEXIS 123637 at *6 (S.D.N.Y. July 14, 2020) (discussing Plaintiff's chromatography-mass spectrometry analysis).  Plaintiff's conclusory allegations are simply insufficient to support his claims.

***Plaintiff's consumer protection claims fail.***  To bring a claim under New York General Business Law 349 or 350, Plaintiff must plausibly allege that Stauffer's purportedly deceptive conduct is likely to mislead a reasonable consumer acting reasonably under the circumstances.  *See Andre Strishak & Assocs., P.C. v. Hewlett Packard Co.*, 752 N.Y.S.2d 400, 403 (App. Div. 2002).  "[I]n resolving the reasonable consumer inquiry, one must consider the entire context of the label."  *In re Frito Lay N. Am., Inc. All Nat. Litig.*, 2013 WL 4647512, 2013 U.S. Dist. LEXIS 123824, at *16 (E.D.N.Y. Aug. 29, 2013) (citing references omitted).

Here, Stauffer is not marketing or selling actual lemons or a lemon product.  Stauffer is instead selling lemon *flavored* cookies.  It is beyond dispute that Stauffer does not make any representation on the front of the package that the cookies contain "no artificial flavor."  A reasonable consumer with any level of interest or concern about the contents of Lemon Snaps

---

[1]     It is also for this reason that no injunctive relief is available to Plaintiff.

[2]     Because of the strong flavor profile of a lemon, it would be unsurprising if a product could achieve a lemon flavor with a relatively modest amount of lemon oil or extract.

The Honorable Paul G. Gardephe
August 10, 2020
Page -4-

knows where to look for such information. He or she can check the FDA-mandated ingredient statement, which is present on the label in the lawful customary location and format. Federal courts routinely dismiss false advertising claims at the pleading stage, where, as here, the context reveals that the allegedly deceptive practice was fully disclosed. *See, e.g., Clark v. Perfect Bar, LLC*, 2018 WL 7048788, 2018 U.S. Dist. LEXIS 219487 (N.D. Cal. Dec. 21, 2018) (rejecting argument that a nutrition bars' marketing and labeling misled consumers about its sugar content where "the actual ingredients were fully disclosed.").

     ***Plaintiff's negligent misrepresentation claim fails.*** Plaintiff's negligent misrepresentation claim cannot get past square one. Plaintiff has not pled that Stauffer "owed [him] a duty of care due to a special relationship" as required for a negligent misrepresentation claim. *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 677 (E.D.N.Y. 2017) (internal citation omitted) (dismissing complaint). He claims that Stauffer owed him a duty because it holds "itself out as having special knowledge . . . in the production, service and/or sale of the product." Compl. ¶ 52. This conclusory allegation is insufficient. If it were, a special relationship would necessarily always exist for purposes of misbranded food claims, which is not the case. *See, e.g., Segedie v. Hain Celestial Grp., Inc.*, No. 14-CV-5029, 2015 WL 2168374, 2015 U.S. Dist. LEXIS 60739, at *36 (S.D.N.Y. May 7, 2015) (dismissing negligent misrepresentation claim under New York law brought by purchasers of allegedly misbranded food, body care and home care products because plaintiffs failed to plead any cognizable special relationship with defendant manufacturer, stating defendant's "obligation to label products truthfully does not arise from any special relationship" and "[t]here is nothing approximating privity between the parties"). Second, the economic loss doctrine, which restricts the remedy of a plaintiff who has not suffered personal or property injury, bars the claim. *Elkind v. Revlon Consumer Prod. Corp.*, 2015 WL 2344134, 2015 U.S. Dist. LEXIS 63464, at *27 (E.D.N.Y. May 14, 2015) (dismissing negligent misrepresentation claim).

     ***Plaintiff's claims for breach of warranty fail.*** Plaintiff's breach of warranty claim fails to meet threshold requirements necessary to sustain such a claim. First, Plaintiff has not alleged, as required, that he provided the requisite pre-suit notice under New York law. *See Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018) ("To successfully state a claim for breach of warranty, a buyer must provide the seller with timely notice of an alleged breach of warranty.") (internal quotation marks and citing references omitted). Second, Plaintiff does not allege that Lemon Snaps were unfit "for human consumption" as required for an implied warranty claim. *See Silva v. Smucker Nat. Foods, Inc.*, No. 14-CV-6154 (JG)(RML), 2015 WL 5360022, 2015 U.S. Dist. LEXIS 122186, at *28 (E.D.N.Y. Sep. 14, 2015) ("Where the sale of a food or beverage is concerned, courts have ruled that the product need only be fit for human consumption to be of merchantable quality.") (citing reference omitted). Third, regarding both express and implied warranties, Plaintiff does not allege the requisite privity. *See Landtek Group, Inc. v. N. Am. Specialty Flooring, Inc.*, 2016 WL 11264722, 2016 U.S. Dist. LEXIS 107945, at *117-18 (E.D.N.Y. Aug. 12, 2016) ("Pursuant to New York law, in order to sustain an action based upon a breach of warranty theory, it is essential that privity be established.").

     Further, Plaintiff's claim under the Magnuson Moss Warranty Act ("MMWA") stands or falls with his express and implied warranty claims under New York law. This is because the

The Honorable Paul G. Gardephe
August 10, 2020
Page -5-

MMWA merely restricts the ability of sellers to disclaim warranties implied under state law; it is
not itself an independent cause of action. *See Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d
212, 232 (S.D.N.Y. 2015). Because Plaintiff's breach of warranty claims fail, his claims under
the MMWA similarly fail.

***Plaintiff's fraud and unjust enrichment claims fail.*** Plaintiff also fails to meet the basic
pleading requirements for his unjust enrichment claim. He has not alleged facts that "give rise to
a *strong* inference of fraudulent intent." *See Davis v. Yeroushalmi*, 985 F. Supp. 2d 349, 359
(E.D.N.Y. 2013) (emphasis in original). Additionally, an unjust enrichment claim "is not
available where it simply duplicates, or replaces, a conventional contract or tort claim." *Corsello
v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790 (2012); *see also Stoltz v. Fage Dairy Processing
Indus., S.A.*, No. 14-CV-3826, 2015 WL 5579872, 2015 U.S. Dist. LEXIS 126880, at *80
(E.D.N.Y. Sep. 22, 2015) (noting that under New York law unjust enrichment is not a catchall
action to be used when others fail). Here, Plaintiff's unjust enrichment claim duplicates his
negligent misrepresentation and fraud claims.

For all of these reasons, this Court's dismissal of the Class Action Complaint is
appropriate and warranted. Stauffer is available to participate in a pre-motion conference at the
Court's convenience to discuss the numerous grounds for dismissal as well as whether, and to
what extent, any further amendment would be futile. The motion would not be on consent of the
Parties. We note that, in accordance with Rule IV(A) of Your Honor's Individual Rules of
Practice, this request serves to stay our deadline to answer or move with respect to the Class
Action Complaint.

Respectfully submitted,

Thomas G. Collins

cc:    Counsel of Record (via CM/ECF)